UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case No. 8:07-cv-2343-T-24MAP |
| THE REAL PROPERTIES, INCLUDING ALL IMPROVEMENTS THEREON AND APPURTENANCES THERETO, LOCATED AT: | : |
| 10714 ALICO PASS, NEW PORT RICHEY, FLORIDA; and | : |
| 1914 HUDSON COURT, OLDSMAR, FLORIDA. | : |
| Defendants. | : |

## **JUDGMENT OF FORFEITURE**

THIS CAUSE comes before the court on the Motion of the United States of America for entry of a Judgment of Forfeiture for the defendant properties, pursuant to the provisions of pursuant to 21 U.S.C. §§ 881(a)(6) & (7). (Doc. No. 29). The court, being fully advised in the premises, finds that the complaint has been filed, the Summons and Warrant of Arrest *in Rem* executed, and service of process has been effected in accordance with the provisions of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure, and 18 U.S.C. §§ 983 and 985.

The owner of the real properties, Jason Lancia has agreed to the forfeiture of the defendant assets, and the interests of the Pinellas County Tax Collector and Taylor, Bean, and Whitaker Mortgage, as to the real properties have been resolved through settlement agreements.  No other persons or entities have filed a claim in these proceedings, and the time for filing a claim to any of the properties in this forfeiture action has expired.

On June 10, 2008, the United States filed an Application to Clerk of for Entry of Default as to New Century Mortgage for failure to file a Verified Claim. (Doc. 26).  On June 19, 2008, the Clerk entered a default against New Century Mortgage.  (Doc. 28).  Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the United States' Motion for Judgment of Forfeiture (Doc. No. 29) is **GRANTED**.  It is FURTHER **ORDERED** that, pursuant to 21 U.S.C. §§ 881(a)(6) & (7), all right, title, and interest in the following defendant properties are hereby CONDEMNED and FORFEITED to the United States of America for disposition according to law, subject to the settlement agreements of record:

a. **10714 Alico Pass, New Port Richey, Florida 34655**

   Lot 32, ARISTIDA PHASE II-A, according to the plat thereof recorded in Plat Book 31, Pages 25 and 26, of the Public Records of Pasco County, Florida

   Parcel ID Number: 07 26 17 0060 00000 0320; and

      b.      **<u>1914 Hudson Court, Oldsmar, Florida 34677</u>**
Lot 40, Block 3, BAYSIDE MEADOWS PHASE I, according to the plat thereof as recorded in Plat Book 80, Pages 62 through 64, Public Records of Pinellas County, Florida

Parcel ID Number:15 28 16 05067 003 0400.

The United States sent notice of the forfeiture action to New Century Mortgage, which was received on January 10, 2008. Although the Pasco County Tax Collector did not file a claim for the real property located at 10714 Alico Pass, New Port Richey, Florida, the government recognizes that, in order to pass clear title, it must satisfy any outstanding taxes due and owing, to the extent there are any, at the time of sale.

In accordance with the Settlement Agreement between the United States and the Pinellas County Tax Collector (Doc. 15), the United States shall sell the real property located at 1914 Hudson Court, Oldsmar, Florida, and from the proceeds of the sale, after all custodial expenses and fees of the United States Marshals Service pertaining to the maintenance, publication, marketing, and sale of the real property have been satisfied, shall pay to the Pinellas County Tax Collector the following:

    a.    Any and all custodial expenses and fees of the United States Marshals Service pertaining to the maintenance, publication, marketing, and sale of the real property shall be paid and satisfied;

    b.    Taxes for 2007 estimated at $2,900.00 for the Husdon Street property and $9,372.08 for the Hawks Landing Blvd property, with an 18% interest per annum, and taxes for 2008 that may become due and owing before the entry of the final order of forfeiture;

   c. Any remaining net proceeds of the sale after satisfaction of the first two priorities above, shall be forfeited to the United States of America.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of July, 2008.

                SUSAN C. BUCKLEW
                United States District Judge

Copies to: Anita M. Cream, AUSA
     Attorneys of record